ROBERT EARL WALKER,

        Plaintiff,

v.                                  **Case No. 25-CV-556**

KIMBERLY AMES, *et al.*,

        Defendants.

## DECISION AND ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON EXHAUSTION GROUNDS

Plaintiff Robert Earl Walker, who is incarcerated and representing himself, brings this lawsuit under 42 U.S.C. § 1983. Walker alleges that the defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. The defendants moved for summary judgment on the grounds that Walker failed to exhaust his administrative remedies. (Docket # 15.) For the reasons stated below, the defendants' motion for summary judgment on exhaustion grounds is granted, and the case is dismissed without prejudice.

### PRELIMINARY MATTERS

The defendants argue that Walker failed to follow Federal Rule of Civil Procedure 56 and Civil Local Rule 56 when responding to their motion for summary judgment. (Docket # 22 at 1–2.) District courts are entitled to construe *pro se* submissions leniently and may overlook a plaintiff's noncompliance by construing the limited evidence in a light most favorable to the plaintiff. *See Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016). Walker's

response, while not formally compliant, contains enough information based on Walker's personal knowledge for the Court to render a decision. The Court will use Walker's response where appropriate in deciding the motion.

**FACTS**

While Walker was housed at the Wisconsin Resource Center ("WRC"), he alleges that the defendants refused to give him special shoes; specifically, a right shoe that has a one-inch lift that levels his body. (Compl., Docket # 1 at 1–2.)

On September 18, 2023, Walker filed inmate complaint WRC-2023-14035, wherein he stated that he needed specific medical shoes and that he had these shoes in his personal property. (Docket # 17, ¶ 9.) On October 2, 2023, the institution complaint examiner ("ICE") recommended dismissal of the inmate complaint because the shoes Walker requested "contained metal rings that the plaintiff would not be authorized to possess in his status at the facility." (*Id.*, ¶ 10; Docket # 18-2 at 2.) The ICE also noted that Walker had access to a brace that would address his medical need in lieu of the shoes. (Docket # 18-2 at 2.) That same day, October 2, the reviewing authority accepted the ICE's recommendation and dismissed the inmate complaint. (*Id.* at 4–5.)

It is undisputed that Walker did not appeal the reviewing authority's decision. (Docket # 21 at 3.) Walker states that he was unaware of the appeal process, and he thought because a decision was made to deny him his shoes, there was nothing more he could do within the institution. (*Id.* at 1–3.)

On July 28, 2025, Walker filed inmate complaint WRC-2025-10742, wherein he made a nearly identical claim to the inmate complaint he filed in 2023. (Docket # 17, ¶ 14.) Walker filed this lawsuit on April 17, 2025. (Docket # 1.)

**SUMMARY JUDGMENT STANDARD**

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. The mere existence of some factual dispute does not defeat a summary judgment motion. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Celotex Corp.*, 477 U.S. at 324. Evidence relied upon must be of a type that would be admissible at trial. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). To survive summary judgment, a party cannot rely on his pleadings and "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (citing *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 994 (7th Cir. 2003)).

3

## ANALYSIS

### 1.  *Applicable Law and Procedure on Exhaustion*

This case is governed by the Prison Litigation Reform Act ("PLRA") which states in part that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement gives prison officials an opportunity to resolve disputes before being hauled into court, and it produces a "useful administrative record" upon which the district court may rely. *See Jones v. Bock*, 549 U.S. 199, 204 (2007) (citing *Woodford v. Ngo*, 548 U.S. 81, 94–95 (2006)). The exhaustion rule also promotes efficiency, because claims generally are resolved more quickly by an agency than through litigation in federal court. *Woodford*, 548 U.S. at 89. Accordingly, exhaustion must be complete before filing suit. *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020) (finding that an inmate failed to exhaust his administrative remedies when he filed suit instead of taking his grievance to the appropriate review board).

Wisconsin's procedures for inmates exhausting administrative remedies are contained in Wis. Admin. Code Ch. DOC 310 (2018). "The purpose of this chapter is to afford inmates in institutions a process by which grievances may be expeditiously raised, investigated, and decided." Wis. Admin. Code § DOC 310.01(1). The Inmate Complaint Review System ("ICRS") is the main process an inmate must use to bring a grievance to the attention of the institution. Wis. Admin. Code § DOC 310.04. Before filing a formal written inmate complaint, "an inmate shall attempt to resolve the issue by following the designated process specific to the subject of the complaint." Wis. Admin. Code § DOC 301.07(1). An inmate must file a formal written inmate complaint regarding whatever issue he wishes to raise within

4

14 calendar days of the conduct giving rise to the complaint occurring. Wis. Admin. Code § DOC 310.07(2). The complaint must clearly identify the issue the inmate seeks to complain about. Wis. Admin. Code § DOC 310.07(5).

Once an inmate files a complaint, the ICE may either accept, reject, or return the complaint. Wis. Admin. Code § DOC 310.10(2). A complaint may be rejected for any of the nine reasons stated in Wis. Admin. Code § DOC 310.10(6)(a)-(i). An inmate may appeal a rejected complaint to the appropriate reviewing authority within 10 days. Wis. Admin. Code § DOC 310.10(10). A complaint may be returned within 10 days of receipt if it fails to meet filing requirements. Wis. Admin. Code § DOC 310.10(5). An inmate has 10 days to correct the deficiencies. *Id.*

Once the ICE accepts the complaint, the ICE makes a recommendation to the reviewing authority. Wis. Admin. Code § DOC 310.10(12). The reviewing authority has 15 days after receiving the recommendation to either affirm or dismiss the complaint in whole or in part. Wis. Admin. Code § DOC 310.11(1)–(2). Within 14 days after the date of the reviewing authority's decision, an inmate may appeal the reviewing authority's decision to the Corrections Complaint Examiner ("CCE"). Wis. Admin. Code § DOC 310.12(1). If the inmate has not heard from the reviewing authority after 45 days from the date the ICE received the inmate complaint, he may appeal to the CCI. Wis. Admin. Code § DOC 310.09(1).

The CCE then has 45 days in which to make a recommendation to the Office of the Secretary of the DOC or to notify the inmate that more time is needed. Wis. Admin. Code § DOC 310.12(9). The CCE "may recommend rejection of an appeal not filed in accordance with § DOC 310.09." Wis. Admin. Code. § DOC 310.12(5). The Secretary then has 45 days

5

in which to make a decision following receipt of the CCE's recommendation. Wis. Admin. Code § DOC 310.13(1). If an inmate does not receive a decision from the Secretary within 90 days of receipt of the appeal in the CCE's office, he may consider his administrative remedies exhausted. Wis. Admin. Code § DOC 310.13(4).

2.  *Application to this Case*

The defendants argue that Walker did not fully exhaust his administrative remedies. The Seventh Circuit Court of Appeals "has taken a strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). A prisoner is required to "properly use the prison's grievance process prior to filing a case in federal court." *Id.* "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). A prisoner can overcome his failure to exhaust his administrative remedies only where he can demonstrate that the grievance process was unavailable to him. *Ramirez v. Young*, 906 F.3d 530, 538 (7th Cir. 2018). A prisoner can show that a grievance process was unavailable when "(1) prison officials are 'consistently unwilling to provide any relief to aggrieved inmates'; (2) the administrative scheme is 'so opaque that it becomes, practically speaking, incapable of use'; or (3) prison administrators take affirmative action to thwart use of the grievance process[,]" but these are "only examples, not a closed list." *Id.* (quoting *Ross v. Blake*, 136 S. Ct. 1850, 1859–60 (2016)).

The Court disregards inmate complaint WRC-2025-10742 because it was filed after Walker filed this lawsuit. Walker filed his suit on April 17, 2025, and he filed WRC-2025-10742 on July 28, 2025. *See Perez v. Wisc. Dept. of Corr.*, 182 F.3d 532, 534–35 (7th Cir. 1999) (stating that the PLRA "makes exhaustion a precondition to *suit*") (emphasis in original).

6

As to WRC-2023-14035, it is undisputed that Walker did not appeal the reviewing authority's decision to the CCE. Walker states he was unaware of the appeals process (Docket # 21 at 3.) However, "the PLRA does not excuse a failure to exhaust based on a prisoner's ignorance of administrative remedies, so long as the prison has taken reasonable steps to inform the inmate about the required procedures." *Ramirez*, 906 F.3d at 538. The Wisconsin Department of Corrections makes the exhaustion procedures widely available and instructions are included with the inmate complaint forms.

Walker also argues that he believed appealing was unnecessary because the decision regarding his shoes had already been made, so there was nothing more he could do other than file suit. (Docket # 21 at 1–3.) However, "[n]o one can *know* whether administrative requests will be futile; the only way to find out is to try." *Perez*, 182 F.3d at 536–37 (emphasis in original).

Walker does not demonstrate that the exhaustion process was unavailable to him, and it is undisputed he did not fully appeal WRC-2023-14035. Summary judgment is granted in favor of the defendants.

## CONCLUSION

For the reasons stated above, Walker failed to demonstrate that he fully exhausted his administrative remedies. Summary judgment is granted in favor of the defendants, and Walker's case is dismissed without prejudice. *See Chambers*, 956 F.3d at 984.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the defendants' motion for summary judgment (Docket # 15) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED without prejudice**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 21st day of July, 2026.

BY THE COURT:

NANCY JOSEPH
United States Magistrate Judge

9